IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 1:26-cv-03780-GPG

ZHICHENG CHEN,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ,[1] Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity, and
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Emergency Motion for Temporary Restraining Order and Stay of Removal (D. 2). The Court DENIES Petitioner's request for a temporary restraining order and ORDERS Respondents not to remove Petitioner from this Court's jurisdiction.

Petitioner moves for a temporary restraining order and stay of removal on the basis that he faces imminent risk of removal from the country and irreparable injury due to lack of medical care in Respondents' custody (D. 2). A court presented with an *ex parte* emergency request for a

[1] Substituted pursuant to Fed. R. Civ. P. 25(d).

temporary restraining order (TRO) pursuant to Federal Rule of Procedure 65 is authorized to issue a TRO to avoid "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). The basic purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm" before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). TROs are—by definition—temporary: a TRO issued on an *ex parte* basis lasts no more than 14 days (unless the issuing court extends it "for good cause . . . for a like period or the adverse party consents to a longer extension"). *See* Fed. R. Civ. P. 65(b)(2). Moreover, when a court issues an *ex parte* TRO, the adverse party may appear on two days' notice—or on shorter notice set by the court—and move to dissolve or modify the TRO. *See* Fed. R. Civ. P. 65(b)(4).

Petitioner has not presented sufficient evidence to indicate that he faces immediate and irreparable injury from Respondents warranting *ex parte* relief. First, Petitioner's motion indicates that his claims have already been resolved by a judge in the U.S. District Court for the District of New Jersey: He was granted a writ of habeas corpus requiring Respondents to provide him with a constitutional bond hearing by a judge in the U.S. District Court for the District of New Jersey, he was provided a bond hearing, he filed a motion to enforce, and the District of New Jersey judge denied his motion. Therefore, Petitioner has not shown that he has been denied a custody hearing he is entitled to or that his custody hearing was insufficient. Second, Petitioner's arguments regarding his medical care unfortunately do not show a risk of irreparable harm cognizable in a habeas corpus case. *See Palma-Salazar v. Davis,* 677 F.3d 1031, 1035 (10th Cir. 2012) ("In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus.

In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action.”).

However, it is ORDERED that, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and in order to preserve the Court’s jurisdiction, Respondents SHALL NOT REMOVE Petitioner from the District of Colorado except pursuant to a final order of removal from the United States. *See also Vizguerra-Ramirez v. Choate, et. al*, Case No. 1:25-cv-881, D. Colo., ECF No. 11 at 4-5 (collecting cases); *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 603 (1966); *Local 1814, Int’l Longshoremen’s Ass’n v. New York Shipping Ass’n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

It is FURTHER ORDRED that, to the extent they have not yet done so, Petitioner is directed to (1) serve Respondents with a copy of the Petition and accompanying papers and a copy of this Order; and (2) promptly file proof of such service on the docket.

DATED September 15, 2026.

BY THE COURT:



Gordon P. Gallagher
United States District Judge