IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-03780-GPG

ZHICHENG CHEN,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ,[1] Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity,
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity, and
UNKOWN ICE OFFICERS AND CUSTODIANS,

Respondents.

---

**ORDER**

---

This matter comes before the Court upon Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (D. 5). Petitioner seeks release or, in the alternative, a new bond hearing (*id.*). Because the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241.

[1] Substituted pursuant to Fed. R. Civ. P. 25(d).

The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

Based on the allegations in the Petition, Petitioner was provided a constitutionally deficient bond hearing before an immigration judge on (D. 5). As this Court thoroughly explained in *Barreno v. Baltasar*, in the context of a bond hearing under 8 U.S.C. § 1226(a), due process requires that the Government bear the burden of proving that a detainee is a flight risk by a preponderance of the evidence and a danger to community by clear and convincing evidence. No. 025-CV-03017-GPG-TPO, 2025 WL 3190936, at *3 (D. Colo. Nov. 14, 2025) (finding that the three *Matthews* factors weighed in favor of placing the burden of proof on the Government in § 1226(a) bond hearings). Respondents declined to submit a brief in opposition to the Petition and "submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this court's Order, <u>release</u> Petitioner from detention" (D. 16).

Accordingly, Petitioner's Petition (D. 5) is GRANTED IN PART, to the extent that Petitioner seeks release. It is ORDERED that Petitioner shall be released from custody within 24 hours, and Respondents SHALL update this Court in writing upon his release. *See United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011) ("This court . . . will not craft a party's arguments for him." (quoting *Perry v. Woodward*, 199 F.3d 1126, 1141 (10th Cir. 1999))); *Santucci v. Commandant, United States Disciplinary Barracks,* 66 F.4th 844, 851 n.9 (10th Cir. 2023) ("[U]nder the party-presentation principle, we, not only will not, but 'cannot make arguments for [a party].'" (quoting *Yelloweagle,* 643 F.3d at 1284))). Respondents may continue to subject Petitioner to the same conditions as before he was re-detained but no more restrictions

are warranted. As Respondents have not shown that they have proven by a preponderance that Petitioner is a flight risk or by a clear and convincing standard that Petitioner is a danger to community, there is no basis for imposing additional conditions.

It is FURTHER ORDERED that Respondents are prohibited from re-detaining Petitioner on the same grounds.

DATED November 3, 2026.

BY THE COURT:



Gordon P. Gallagher
United States District Judge